

FILED

JAN 28 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

OLGA LEYVA
14035 Astoria Street # 130,
Sylmar, California 91342
Defendant
In *Sui Juris*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DISTRICT

**FEDERAL HOME LOAN MORTGAGE CORPORATION**
            **Plaintiff,**

            **vs.**

**JENNIFER GUZMAN; JUAN R. NUNGARAY;LEONOR NUNGARAY: OLGA LEYVA and DOES 1 to 10, inclusive,**

            **Defendants.**

Case No.: / `19 - BK · 13091 - VK`

Case No.: **18CHUD02079**
NOTICE OF REMOVAL FROM LOS ANGELES SUPERIOR COURTHOUSE TO BANKRUPTCY COURT RULE 9027; 28 U.S.C.A. §1452; VIOLATION OF DUE PROCESS; VIOLATION TITLE 42 USC §1983

(TRIAL BY JURY DEMANDED)

## DEFENDANTS' NOTICE OF REMOVAL TO BANKRUPTCY COURT

    PLESE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States Bankruptcy Court for the Central District of California.

Defendant, OLGA LEYVA, herein gives Notice that, pursuant to 28 U.S.C. §§1443, 1446, & 1447(b), he removed this case to the United States District Court for the Southern District of California, on grounds that the Defendant's federally secured rights guaranteed by 42 U.S.C. §§§1981, 1982 and 1983 the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution are being directly and systematically impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California.

    The Alleged Plaintiff has filed a false claim before the state court using the statutory laws

that govern non-judicial foreclosures with forged documents. (see Plaintiff's Complaint Exhibit

1)The Complaint was verified by attorney Serena Yu on December 12, 2018 pursuant to CCP

446. See in Zavala v. Board of Trustee (1993) at foot note 2

FN 2. "When the verification is made by the attorney for the reason that the parties are absent

from the county where he or she has his or her office ... the pleadings shall not otherwise be

considered as an affidavit or declaration establishing the facts therein alleged." (Code Civ.

Proc., § 446.) Consequently, though the statute requires verification of an answer to a verified

complaint, it also provides that attorney verification of the allegations of a complaint cannot

transform the allegations of the complaint into evidence.

Even if such verification were permissible, an attorney's verification of a complaint

makes him or her witness to the facts verified.  In such a scenario,  the attorney providing the

verification may properly be deposed by the other side.  CRPC 5-210 (c).

The attorney has stepped into the shoes of a witness who have no personal knowledge of the

subject matter.

Plaintiff states in its complaint page 2 paragraph 5 that the Property was sold to Plaintiff

and sold to Plaintiff via a Trustee's Deed Upon Sale on or about September 27, 2018 created by

Quality without authority. (see Trustee's Deed Exhibit 2)

Plaintiff's Trustee's Deed is a false, fabricated and forged document that was allegedly

created by QUALITY LOAN SERVICE CORPORATION, allegedly signed by Jennifer

Basom, Assistant, President and allegedly notarized by Katherine A. Davis a California State

Notary.

The Trustee's Deed Upon Sale that is a part of the Complaint filed with the State court

and must be taken as part of the Complaint clearly states the amount that was paid for the

property in question, $381,900.00.

The Trustee's Deed Upon Sale is an intertwining part of Plaintiff's fraudulent claim.

Therefore the amount in controversy exceeds the minimum requirement for removal.

Plaintiff claim to have acquired Defendant's property is built around fraud and has file fabricated, fraudulent and forged documents in their blatant disregard of the law and this court in violation of CPC §115, §115.5, §118, §470, §132 and §535.

Defendant had to respond to prevent a default from being entered against him. See Defendant's Verified Answer Exhibit 3)

## SUBJECT MATTER JURISDICTION – DIVERSITY

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367, 18 U.S.C. § 1964(c), and 15 U.S.C. § 1640(e), 18 U.S.C. §1341, 18 U.S.C. §514

The Court has diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) and this case is properly removed to this Court because, as more fully set forth below: (a) the citizenship of Defendant is different from that of **FEDERAL HOME LOAN MORTGAGE CORPORATION** ; and (iii) the aggregate amount placed in controversy by the claims of plaintiffs exceeds the sum or value of $75,000.

(b) Pursuant to 28 U.S.C. § 1332(a), (1) Defendant is a citizen of a state different from that of **FEDERAL HOME LOAN MORTGAGE CORPORATION**; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

In actions that seek transfer of title to property or that seek injunctive relief with respect to a foreclosure sale, the amount in controversy is the value of the property at issue. See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (in suit seeking injunctive relief enjoining sale of property, amount in controversy was satisfied where the market value of the property and the outstanding indebtedness each exceeded the jurisdictional amount). Here,

the value of Defendant's property is $381,900.00 in the Trustee's Deed Upon Sale and not $10,000 dollars as Plaintiff has claimed in its complaint.

This is not a Landlord Tenant matter.

The California Judges Bench Guide clearly states that Defendant is a homeowner and the issue before the court is between a homeowner and Lender and title is at issue and the summary nature of the unlawful detainer proceedings is not suitable to be tried in the lower court.

*Title is at issue.* The litigation is between a plaintiff-lender and a defendant-homeowner, rather than between landlord and tenant, and title is at issue. *Mehr v Superior Court* (1983) 139 CA3d 1044, 1049, 189 CR 138 (because of summary nature of unlawful detainer proceedings, it is unsuitable forum to try complicated ownership issues); *Asuncion v Superior Court* (1980) 108 CA3d 141, 145–146, 166 CR 306 (eviction of homeowners following foreclosure raises due process issues and must be heard in superior court).

The state courts completely ignore Defendants are homeowners and not tenants.

### Diversity of Citizenship

In determining whether diversity exists, the Court considers the citizenship of all properly joined parties. 28 U.S.C. § 1441(b).

This requirement is met here, as the named plaintiff FEDERAL HOME LOAN MORTGAGE CORPORATION and Defendant are citizens of different states for purposes of diversity jurisdiction.

Upon the filing of plaintiffs' Complaint in the State Court, there was diversity under 28 U.S.C. § 1332(a)(1). The Complaint identifies Defendant "as a citizen and residents of Los Angeles County, California" for purposes of diversity of citizenship under 28 U.S.C. § 1332, Defendant is a citizen of the State of California.

**FEDERAL HOME LOAN MORTGAGE CORPORATION** is a national association. National associations are deemed "citizens of the States in which they are respectively located,"

28 U.S.C. § 1348.  The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).

**FEDERAL HOME LOAN MORTGAGE CORPORATION**'s main office is located in, 8200 Jones Branch Dr., McLean, VA 22102-3110

 For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), **FEDERAL HOME LOAN MORTGAGE CORPORATION** is a citizen of a state other than the State of California.

The corporation is currently under conservatorship, under the direction of the Federal Housing Finance Agency.

Upon information and belief, plaintiffs are citizens of the State of other that the State of California for purposes of diversity jurisdiction.  Defendant is a citizen of the State of California for purposes of diversity jurisdiction.  Accordingly, diversity is established under both 28 U.S.C. § 1332(a)(1).

COURT RULES OF EVIDENCE, Requirement of Original; To prove the content of a record, the original record is required.

## BURDEN OF PROOF

Yeazell v. Copins, 402 P. 2d . 541, 98 Ariz. 109,(1965). Party who asserts fact has burden to establish fact.

The burden of proof rests heavily upon the party making such charge. Ransburg Electro-Coating Corp. v. Nordson Corp., N.D.Ill.1968, 293 F.Supp. 448, 158 U.S.P.Q. 385.

Allegations of hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences. Essex Crane Rental Corp. v. Vic Kirsch Const. Co., Inc., S.D.N.Y.1980, 486 F.Supp. 529.

In its capacity as accuser, the Board is held to same burdens and obligations of proof as any other litigant who takes the affirmative, and the Board may not, by accusing, put accused upon proof but, as accuser, must prove its charge. N.L.R.B. v. Riverside Mfg. Co., C.C.A. 5 1941, 119 F.2d 302. The Board had the burden of proof to establish before itself, in its capacity of trier, the accusations it had laid in its accusatorial capacity, by credible evidence from which men of unbiased minds could reasonably decide in its favor and could not leave right of matter to rest in mere conjecture. Magnolia Petroleum Co. v. N.L.R.B., C.C.A. 5 1940, 112 F.2d 545.

In re Hamlet (After Remand), 225 Mich.App 505, 521; 571 NW2d 750 (1997). "Mere statement of pleader's conclusions, unsupported by allegations of fact upon which they may be based, will not suffice to state cause of action."

The Court Records will prove that **FEDERAL HOME LOAN MORTGAGE CORPORATION's claim to Defendant's property is based off of forged documents.**

The Complaint was Filed by attorney Serena Yun 's allegedly verified by a Serena Yun who has never appeared before the court to testify to the validity of the complaint.

**The Purported Complaint is Fatally Defective and Fails as a Matter of Law.**

A verification is an affidavit of the truth of the matters stated. (Citations.)" Hoffman v. City of Palm Springs (1959) 169 Cal. App. 2d 64

A fatally defective verification "is treated as a failure to verify. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 356, p.. 2020.)

The Complaint file by Plaintiff fails to comport to the relevant laws governing

verification and pursuant to sections of California Code of Civil Procedure (the "Code") section

446. See in Zavala v. Board of Trustees (1993) FN 2. "When the verification is made by the

attorney for the reason that the parties are absent from the county where he or she has his or her

office ... the pleadings shall not otherwise be considered as an affidavit or declaration

establishing the facts therein alleged." (Code Civ. Proc., § 446.) Consequently, though the

statute requires verification of an answer to a verified complaint, it also provides that attorney

verification of the allegations of a complaint cannot transform the allegations of the complaint

into evidence

The complaint remains unverified by anyone with personal knowledge of the matter and

it that does not meet the requirement of Real Party In Interest or Standing. Federal Rule 17(a)

and Evidence Rule 901, 1002 and 1003. That has been objected to.

Plaintiff's complaint and statements are hearsay and fail to state a colorable claim and

**FEDERAL HOME LOAN MORTGAGE CORPORATION** have failed to give color to

their pleadings.

### *California Law Review*, **Vol. 46, No. 4, (Oct. 1958), pp. 601-609.**

In a case for unlawful detainer/forcible eviction such as the present case, the

"pecuniary result to either party" should be measured not by the amount of money

which Plaintiff seeks to extract from Defendant, but the value of the property of

which Plaintiff seeks to deprive the Defendant of "*possession*."  Plaintiff's house

at 14035 Astoria Street, # 130, Sylmar, CA 91342 has a current market value,

even in this depression, several times $75,000.00 in value.

## SUMMARY

**FEDERAL HOME LOAN MORTGAGE CORPORATION** allegedly purchased Defendant property at a Trustee's Sale being the highest bidder at $381,900.00, in lawful money of the United States.

This is also a blatant contradiction of the Unlawful Detainer caption that states that the amount demanded does not exceed $10,000.00. The Trustee's Deed that is a major part of the complaint states the amount far exceeds the limited jurisdictional claims of plaintiff.

Plaintiff brought the Unlawful Detainer in bad faith utilizing the statutory laws that govern a non judicial foreclosure to steal Defendant's home by forged documents.

## THE FRAUDULENT SCHEME

Plaintiff and Plaintiff's Attorneys have used the statutory laws that govern a non-judicial foreclosure to commit a crime against Defendant.

Plaintiff's claim to Defendant's title stems from a forged Assignment of Deed of Trust (hereinafter "ADOT-1") recorded in the Los Angeles County Recorder's Office with instrument number 20101673921 dated November 16 and 17, 2010. (see ADOT-1 Exhibit 4)

The ADOT-1 was created by Bank of America, N.A., by Quality Loan Service Corporation, as its Attorney in Fact with h a forge signature of Tim Bargenquast, Assistant Vice President for BOA. The forgery continued with notary B. Perez's signature.

Defendant hired Beth Chrisman a Expert Handwriting Analysis to analyze the ADOT-1 signature of notary B. Perez. (See Beth Chrisman's Analysis Exhibit 5)

But the criminal act did not stop there, where Quality Loan Service Corporation created a Forged Substitution of Trustee forging Tim Bargenquast, Assistant Vice President for BAC Home Loan now and notary B. Perez's signature. (See SOT Exhibit 6)

Tim Bargenquast is claiming that he works for two different companies and signing from these companies but Quality Loan Services Corporation is acting in the capacity of a power of attorney.

**SEE IN OC INTERIOR SERVICES, LLC V. NATIONSTAR MORTGAGE, LLC, 7 CAL. APP. 5TH 1318, 213 CAL. RPTR. 3D 395, 2017 CAL. APP. LEXIS 66.** (7) The law protects innocent purchasers, but "that protection extends only to those who obtained good legal title." (*Wutzke v. Bill Reid Painting*

*Service, Inc.* (1984) 151 Cal.App.3d 36, 43 [198 Cal.Rptr. 418].) For example, "a forged document is void *ab initio* and constitutes a nullity; as **[7 Cal.App.5th 1332]** such it cannot provide the basis for a superior title as against the original grantor." (*Ibid.*) "An instrument that is void *ab initio* is comparable to a blank piece of paper and so necessarily derives no validity from the mere fact that it is recorded." (*Morgan, supra,* 105 Cal.App.2d at p. 733.)

The Chain of Title was broken form this point by the first ADOT-1 and the Substitution of Trustee on every subsequent document recorded thereafter was recorded without authority.

Any attorney or Plaintiff that appears before this court and claims that they have a right to Defendant property to transfers made by Assignments will be in violation of 18 U.S. Code § 1001. Statements.

Defendant, also alleges that he is being denied and cannot enforce his rights of equal protection of the discriminatory laws of the State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction has now file this notice of removal pursuant to 28 U.S.C. §§1331, 1441, 1443 and 1446,

Defendant alleges that Plaintiff's attorney and other entities that will be disclosed at trial constructively conspired to defraud Defendant of his right to possession of the property.

Plaintiff and others conspired to create forged documents to make appear as if they had a right to Defendant's property, and have committed these acts stated in this case; engaging in patterns of unlawful activity without disclosing this to Defendant.

The requirements of 28 U.S.C. §1331, 1441, and 1446 for removal have all been met and this Court should take note and sustain this Notice of Removal on grounds of the Protect the Tenant at Foreclosure Act and the Homeowner Bill of Rights.

28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislatures is, uniquely empowered and

by this statute protected as an avenue by which to assert and actually "defend" Constitutional rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following an alleged non-judicial foreclosures.

Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, ***McCullough v. Ligon***, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); ***Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).**

**Unlike the Defendant in *Neal v. Wilson*, Defendant Juan Nungaray can and will at trial** "show[] that Plaintiff used the Non Judicial state law preventing him from raising his federal claims in state court, [and] further [he] has [] shown the basis for an "equally firm prediction" that [he] will be unable to protect his federal rights in state court." 112 F.3d at 855.

WHEREFORE AND ACCORDINGLY, Defendant Juan Nungaray hereby files this Notice of Removal pursuant to 28 U.S.C. §9027 §1331, §1441, §1443 and §1446, Congress in the Civil Rights Act of 1964 expressly authorized such renewed notices of removal authorized by Congress under 28 U.S.C.§1446(d).

This Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)).

The California Superior Courts completely ignore the civil rules of Procedure, Civil rules of Evidence and the Real Party In Interest rule.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

Defendant Juan Nungaray particularly urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in ***Dombrowski v. Pfister***, ***Younger v. Harris***, and ***Mitchum v. Foster***, alongside the Civil Rights Removal doctrine articulated in ***Greenwood v. Peacock*** and ***Rachel v. Georgia***, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

Juan Nungaray submits that the United States Supreme Court has decided three major cases on Civil Rights Injunctions and two major cases on civil rights removal, and that two out of the three cases decided on Civil Rights Injunctions upheld the injunctions and one out of the two removal cases upheld the removal. In the one case out of three in which the U.S. Supreme Court reversed the lower Federal Court Injunction against state Court proceedings, namely ***Younger v. Harris***, the Supreme Court emphasized the case-by-case, painstakingly factual analysis of the judicial and political context in which a Federal Court must engage in order to determine whether to stop state court proceedings or not:

> This is where the law stood when the Court decided *Dombrowski v. Pfister, 380 U.S. 479 (1965)*, and held that an injunction against the enforcement of certain state criminal statutes could properly issue under the circumstances presented in that case. [4] In *Dombrowski*, unlike many of the earlier cases denying injunctions, the complaint made substantial allegations that:
>> "the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana." *380 U.S., at 482.*

The appellants in *Dombrowski* had offered to prove that their offices had been raided and all their files and records seized pursuant to search and arrest warrants that were later summarily vacated by a state judge for lack of probable cause. They also offered to prove that despite the state court order quashing the warrants and suppressing the evidence seized, the prosecutor was continuing to threaten to initiate new prosecutions of appellants under the same statutes, was holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments against the appellants on charges of violating the same statutes. These circumstances, as viewed by the Court sufficiently establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention. See, *e.g., Beal, supra, at 50.* Indeed, after quoting the Court's statement in *Douglas* concerning the very restricted circumstances under which an injunction could be justified, the Court in *Dombrowski* went on to say:

> "But the allegations in this complaint depict a situation in which defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights. They suggest that a substantial loss of or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination. These allegations, if true, clearly show irreparable injury." *380 U.S., at 485-486.*

And the Court made clear that even under these circumstances the District Court issuing the injunction would have continuing power to lift it at any time and remit the plaintiffs to the state courts if circumstances warranted. *380 U.S., at 491, 492.* Similarly, in *Cameron v. Johnson, 390 U.S. 611 (1968)*, a divided Court denied an injunction after finding that the record did not establish the necessary bad faith and harassment; the dissenting Justices themselves stressed the very limited role to be allowed for federal injunctions against state criminal prosecutions and differed with the Court only on the question whether the particular facts of that case were sufficient to show that the prosecution was brought in bad faith.

***Younger v. Harris***, 401 U.S. 37 at 47-49, 91 S.Ct. 746 at 752-53, 27 L.Ed.2d 669 at 677-678 (1971)

For all the above-and-foregoing reasons, removal of this action from Superior Court in and for Los Angeles County, California, to the United States

1    Bankruptcy Court for the Central District of California, (Los Angeles County)

2    Division, is proper pursuant to all relevant statutes and law.

3                                        Respectfully submitted,

4    JANUARY 27, 2020

5                        By: *Olga Leyva*

6                            OLGA LEYVA,

                                *In propia persona*

## CERTIFICATE OF FILING AND SERVICE

**I the undersigned Defendant do hereby certify that I filed an original**

**signed copy of the above-and-foregoing Notice of Removal to the Bankruptcy**

**Court with the Los Angeles County Superior Court Clerk for the State of**

**California and simultaneously served a true and correct copy of the same on**

**each of the following known parties to the above entitled and numbered cause**

**as follows:**

**Clerk of Court**
**Superior Court of California, Los Angeles County**
**CHATSWORTH COURTHOUSE**
9425 Penfield Avenue, #1200,
Chatsworth, CA 91311
**And**

**SERENA YUN**
**915 WILSHIRE BLVD. SUTIE 1650**
**LOS ANGELES, CA 90017**

Respectfully Signed and Submitted,

JANUARY 28, 2020

By: _Olga Leyva_
　　　OLGA LEYVA,
　　　*in propia persona*

# EXHIBIT 1

## UNLAWFUL DETAINER

Electronically FILED by Superior Court of California, County of Los Angeles on 12/12/2018 01:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Galustyan Deputy Clerk

**SUMMONS**  **SUM-130**
*(CITACION JUDICIAL)*
**UNLAWFUL DETAINER-EVICTION**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)*

18CHUD02079

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JENNIFER GUZMAN; Juan R. Nungaray; DOES 1 TO 10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Federal Home Loan Mortgage Corporation

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| 1. The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del caso):* 18CHUD02079 |

LOS ANGELES SUPERIOR COURT CHATSWORTH / NORTH VALLEY DISTRICT
9425 PENFIELD AVENUE, #1200
CHATSWORTH, CA 91311

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Serena Yun 310841/Valerie Sparks 313312/Chris Evans 202135 Kimball, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650          (213) 337-0050
Los Angeles, CA 90017

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415)  [X] did not  [ ] did
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

| | | | |
|---|---|---|---|
| Date:<br>*(Fecha)* 12/12/2018 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* Lusy Galustyan | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)          [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]
CEB Essential Forms ceb.com
SUMMONS-UNLAWFUL DETAINER-EVICTION
Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

SUM-130

| PLAINTIFF *(Name)*: Federal Home Loan Mortgage Corporation | CASE NUMBER: |
| DEFENDANT *(Name)*: JENNIFER GUZMAN; Juan R. Nungaray | |

6.  **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
    a.   Assistant's name:
    b.   Telephone no.:
    c.   Street address, city, and ZIP:



    d.   County of registration:
    e.   Registration no.:
    f.   Registration expires on *(date):*

CEB® Essential Forms®
ceb.com

Electronically FILED by Superior Court of California, County of Los Angeles on 12/12/2018 01:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Galustyan,Deputy Clerk
18CHUD02079
Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Andrew Cooper

1  KIMBALL, TIREY & ST. JOHN, LLP
   SERENA YUN ESQ. (State Bar No. 310841)
2  915 Wilshire Boulevard, Suite 1650
   Los Angeles, CA 90017
3  (213) 337-0050
   FAX (213) 337-0080
4  Attorney for Plaintiff

5

6

7

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          COUNTY OF LOS ANGELES, CHATSWORTH JUDICIAL DISTRICT

11

12  FEDERAL HOME LOAN MORTGAGE          ) Case No.:
13  CORPORATION                         )
                                        ) COMPLAINT FOR UNLAWFUL DETAINER
14                  Plaintiff,          ) ACTION BASED ON CODE OF CIVIL
                                        ) PROCEDURE SECTION 1161a
15          vs.                         )
                                        )
16  JENNIFER GUZMAN; JUAN R. NUNGARAY   )
17                                      ) (DEMAND OF COMPLAINT
    Defendant(s)                        )  DOES NOT EXCEED $10,000.00)
18                                      )
    DOES 1 TO 10 INCLUSIVE              )
19

20

21          Plaintiff alleges:

22          1. This Court is the proper court for the trial of this action because:

23          a. Each Defendant resides and/or conducts business in the area served by this Court;

24          b. The property which is the subject of this action, 14035 Astoria Street #130, Sylmar, CA

25  91342 ("the property"), is located in the area served by this Court; and;

26          c. The amount of damages claimed in this action does not exceed $25,000.

27          2. Plaintiff does not know the true names of the Defendants designated as "DOES 1 TO 10";

28  however, Plaintiff is informed, believes and alleges, that at all relevant times mentioned in this

---
1

COMPLAINT FOR UNLAWFUL DETAINER

1    Complaint, the named Defendants and DOES 1 TO 10 have been in possession of the property.

2        3.  Plaintiff is a Corporation a duly organized and existing pursuant to the laws of the United

3    States of America, 12 U.S.C sec: 1452 et seq.  Plaintiff interest in the premises is as owner.

4        4.  Plaintiff is the owner and entitled to possession of the property.

5        5.  On or about September 27, 2018, defendants or those under whom defendants held

6    possession, were removed from title by means of a foreclosure sale under a power of sale contained in a

7    deed of Trustee's.  Said sale was conducted in compliance with any and all requirements of C.C.C.

8    §2924 et seq.  Title was taken in the name of plaintiff or on plaintiff's behalf.  Title under said sale was

9    duly perfected prior to service of notice as referenced as if fully set forth herein.  A true and correct copy

10   of the Trustee's Deed Upon Sale is attached hereto as EXHIBIT 1.

11       6.  No landlord/tenant relationship exists between the Plaintiff and Defendant(s).

12       7.  For the period from September 27, 2018, to present, Defendant(s) occupied the property

13   without the consent or authorization of the Plaintiff.  Defendant(s)'s title, if any, to the property, that

14   existed prior to September 27, 2018, was extinguished by said foreclosure and Trustee's Sale.

15       8.  On November 16, 2018, Plaintiff caused to be served on the Defendant(s) a written notice in

16   compliance with the Code of Civil Procedure, 1161a et. seq., requiring and demanding that Defendant(s)

17   quit and deliver up possession of the property to Plaintiff within three (3) days after the service of the

18   notice on them.  A true and correct copy of the Notice to Quit is attached hereto as EXHIBIT 2. The

19   notice was served on November 16, 2018 in compliance with Code of Civil Procedure Section 1162 and

20   as shown in the Proof of Service attached hereto as EXHIBIT 3.  Said notice expired on November 19,

21   2018, but Defendant(s) failed and refused to quit and deliver up possession of the property until present.

22       9.  More than three (3) days have elapsed since the service of the notice and Defendant(s)

23   has/have neglected and refused, and still neglect(s) and refuse(s), to vacate and deliver up possession of

24   the property to Plaintiff.

25       10. Defendant(s) hold(s) over and continue(s) in possession of the property willfully,

26   intentionally and deliberately without permission or consent of Plaintiff, and Plaintiff is entitled to

27   immediate possession of the property.

28

2

WHEREFORE, Plaintiff prays against Defendant(s), and each of them as follows:

1. For restitution and possession of the property;

2. For Plaintiff's costs of suit;

4. For such other and further relief as the Court may deem proper.


DATED:  December 12, 2018



_____
KIMBALL, TIREY & ST. JOHN
Attorneys for Plaintiff
By:

3

COMPLAINT FOR UNLAWFUL DETAINER

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.



**This page is part of your document - DO NOT DISCARD**



## 20181123484



Pages:
0005

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/06/18 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 24.00 |
| TAXES: | | 2,139.20 |
| OTHER: | | 0.00 |
| PAID: | | 2,163.20 |





LEADSHEET



201811060140018

00015917324



009446641

SEQ:
01

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

## Exhibit 1


100703240 DL

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

Recording requested by:

SERVICELINK

And when recorded mail to:

Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrollton, TX 75010

Forward tax statements to the address given above

TS No.: CA-10-403658-VF
Order No.: 100703240-CA-GTI

Space above this line for recorders use

# Trustee's Deed Upon Sale

A.P.N.: 2504-022-097

**Exempt pursuant to Cal Rev and Tax Code §11922 and 12 U.S.C. § 1452(e)**

THE UNDERSIGNED GRANTOR DECLARES:

| | |
|---|---|
| The grantee herein **WASNT** the foreclosing beneficiary | |
| The amount of the unpaid debt together with costs was: | $694,123.13 |
| The amount paid by the grantee at the trustee sale was: | $381,900.00 |
| The documentary transfer tax is: **PAID UNDER PROTEST** | City Tax $1,719.00 |
| Said property is in the City of: **SYLMAR**, County of **LOS ANGELES** | County Tax $420.20 |

**QUALITY LOAN SERVICE CORPORATION** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

**Federal Home Loan Mortgage Corporation ("Freddie Mac"), a corporation organized and existing under the laws of the United States of America**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of LOS ANGELES, State of California, described as follows:

*When recorded mail and send tax statement to:*
Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrollton, TX 75010

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

PARCEL 1:

PARCEL A:

AN UNDIVIDED 1/31TH INTEREST IN AND TO LOT 1 OF TRACT NO. 48698, IN THE CITY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 1195 PAGES 28 THRU 30, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THRU 31 INCLUSIVE, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED ON AUGUST 23, 1994 AS INSTRUMENT NO. 94-1557566 OF OFFICIAL RECORDS. RESERVING THEREFROM EXCLUSIVE EASEMENTS FOR PRIVATE YARDS, BALCONIES AND ROOF-DECKS OVER THOSE PORTIONS OF THE COMMON AREA DESIGNATED AS EXCLUSIVE USE COMMON AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED WITH THE RIGHT TO GRANT SAME TO OTHERS.

PARCEL B:

UNIT 30 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 2:

AN EXCLUSIVE EASEMENT FOR PRIVATE YARDS, BALCONIES AND ROOF-DECKS OVER THOSE AREAS BEARING THE SAME NUMBER DESIGNATION AS THE ABOVE UNIT NUMBER AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by JUAN R NUNGARAY , AN UNMARRIED PERSON, as trustor, dated 7/9/2007, and recorded on 8/13/2007 as instrument number 20071888066 of Official Records in the office of the Recorder of LOS ANGELES, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 8/2/2017, instrument no 20170872033, Book , Page , of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on 9/27/2018 at the place named in the Notice of Sale, in the County of LOS ANGELES, California, in which the property is situated. The foreclosing beneficiary, being the highest at such sale, became the purchaser of said property and paid therefore to said trustee the amount being $381,900.00 in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust and instructed said trustee to vest this Trustee's Deed Upon Sale to said Grantee

*When recorded mail and send tax statement to:*
Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrollton, TX 75010

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No.: CA-10-403658-VF

Date: 11/1/2018

QUALITY LOAN SERVICE CORPORATION

By: Jennifer Basom, Assistant Vice President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: <u>California</u>)

County of: <u>San Diego</u>)

On NOV 0 1 2018 before me, Katherine A. Davis a notary public, personally appeared Jennifer Basom, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____
              Katherine A. Davis

KATHERINE A. DAVIS
COMM. #2095368
Notary Public - California
San Diego County
My Comm. Expires Dec. 29, 2018

'This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title'

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

### *NOTICE OF PAYMENT UNDER PROTEST OF TRANSFER TAXES BY OR ON BEHALF OF FEDERAL HOME LOAN MORTGAGE CORPORATION*

Dear Recorder of Deeds, City or Village Clerk:

Re:    Property Address: 14035 ASTORIA ST #130, SYLMAR, CA 91342

Property Index Number: 2504-022-097

Our office represents **Federal Home Loan Mortgage Corporation ("Freddie Mac"), a corporation organized and existing under the laws of the United States of America** in connection with certain transfers of real property in the state of California. We understand that **LOS ANGELES** is one of a number of Counties in California that impose the tax on transfers of real property (the "Transfer Tax") on the transfer of real property to or from Freddie Mac. We write this letter to notify you that Freddie Mac is exempt from paying the Transfer Tax imposed on the transfer of real property. Therefore, any Transfer Tax charged on behalf of or paid by Freddie Mac is hereby **paid under protest.**

As a federal instrumentality, Freddie Mac is not required to pay Transfer Taxes under California law, County, City or Municipality ordinances. Further, requiring Freddie Mac to pay Transfer Taxes on the transfer of real property contravenes federal law under 12 U.S.C. § 1452(e). As such, this letter serves as a formal written notice that the payment of Transfer Taxes is **PAID UNDER PROTEST** and that (1) any Transfer Tax paid, or deducted from a sale deposit, for a property being conveyed to or from Freddie Mac is paid under protest and (2) Freddie Mac may seek to recover all or part of any Transfer Tax it pays pursuant to the inappropriate charge imposed upon Freddie Mac.

Very Truly Yours,

QUALITY LOAN SERVICE CORPORATION

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

Brian C. P. Adkins
R. Scott Andrews
A. Gary Arakelian
Helaine S. Ashton
Shawn K. Bankson
Taylor S. Baumann
Lori D. Bolander
Eric M. Bray
Richard L. Brown
Judy Y. Chiang
Calvin Clements III
Patricia A. Coyne
Shelley M. Crawford
Monica Dekz
Chanel A. Di Blasi
Lynn N. Dover
Chris J. Evans
Rebecca J. Fortune
Eduardo Garcia

Paul L. Goodwin
Eh A. Gordon
Susan E. Greek
Ninder K. Grewal
Melissa M. Hernandez
Matthew J. Hogan
Shanty R. Hopkins
Paul H. James
Adrienne R. Kelly
Kareem M. Khalidy
Ted Kimball
Danielle T. Kussler
Susan E. Lamson
Rebecca L. Lang
Susan J. Lein
Laurie Li
Efren A. Limbag
Gregory S. Loos
Leanne Barbat Maestre

Jozef G. Magyar
James R. McKinley
Craig D. McMahon
Steven J. Mehlman
Alejandra Mendez
Tracey L. Merrell
Stephen J. Modafferi
Kristin D. Molloy
Lyra Myers
D. Patrick O'Laughlin
Abel Ortiz
Christopher S. Pirrone
Jacqueline E. Prisbylla
Christine M. Relpi
Kurt Rifbjerg
Daniel Riley
Ashley N. Rossetto
Adam M. Schneider
Kenneth D. Schnur

Charles Scott
Daniel R. Segnit
Damien J. Snow
Valerie A. Sparks
Cynthia D. Stelzer
Jamie J. Sternberg
Wendy St. John
Sage S. Stone
Robert C. Thorn
Patricia H. Tirey
Tiffany D. Truong
Jing Tsang
Salvinaz Turadzhikyan
Gary D. Une
Dana R. Wares
Jessica S. Weisman
David C. Williamson
Robert H. Winter, Jr.
Serena A. Yun

LAW OFFICES OF

# Kimball, Tirey & St. John LLP

915 Wilshire Boulevard, Suite 1650
Los Angeles, California 90017
Telephone: (213) 337-0050
Facsimile: (213) 337-0080
www.kts-law.com

November 14, 2018

Serena Yun, Attorney at Law

## NOTICE TO QUIT

TO: Juan R. Nungaray; All Unnamed Occupants and all other John and Jane Does in Possession

PREMISES: 14035 Astoria Street #130, Sylmar, CA 91342

NOTICE IS HEREBY GIVEN that if you are occupying the above referenced property as a "bona fide" tenant, then within **ninety (90)** days following service upon you of this notice you are required to deliver up possession of the herein-described premises to the undersigned or the undersigned will institute legal proceedings to recover possession of said premises and damages.

If you are not a "bona fide" tenant, then the above provisions do not apply to you and you must deliver up possession of said premises to the undersigned within **three (3)** days following service upon you of the herein notice or the undersigned will institute legal proceedings to recover possession of said premises and damages.

A "bona fide" tenant is one who:
(a)    entered into the lease with the landlord before the date the first notice of foreclosure was sent to the former borrower; **and**
(b)    is not the former owner or the child, spouse or parent of the former owner; **and**
(c)    entered into the lease as a result of an arms-length transaction **and**
(d)    whose rent is not substantially less than fair market rent for the property or the rent is reduced or subsidized due to federal, state or local subsidy.

If you are a bona fide tenant and your lease term ends after the above date, you may have the right to continue to occupy the property until the lease expires. Please contact us immediately at 213-337-0050 so that we can make arrangements for Freddie Mac to assume your lease and for you to continue paying rent.

If you are a bona fide tenant and do not contact us immediately to request that Freddie Mac assume your lease, you must vacate the property within ninety (90) days following service upon you of this notice. You may be required to vacate earlier if the property is re-sold to a purchaser who will occupy the property as a primary residence. You will be informed if you will need to vacate the property earlier than the above date.

On or about 09/27/2018, a foreclosure sale was conducted by the Trustee of said property for the sale of said premises. Said sale was held in compliance with any and all requirements of statutes, including, but not limited to, C. C. C. §2924, et seq. On said date, the party or parties under whom you hold possession were removed from title to said property. The undersigned or its predecessor in interest acquired title to said property on said date. This Notice is being given to you under the provisions Sections 1161a and b of the California Code of Civil Procedure. If any of the occupants of the premises is a member of any branch of the United States Military Service, please contact the undersigned attorney immediately. THIS NOTICE SUPERSEDES ALL PRIOR NOTICES.

KIMBALL, TIREY & ST. JOHN LLP

Serena Yun
Attorney At Law

Asset # 18-4135000

## Exhibit 2

SAN DIEGO • IRVINE • LOS ANGELES • SACRAMENTO • CONCORD

| | | | For Court Use Only |
|---|---|---|---|
| *Attorney or Party without Attorney:* Law Offices Of: Kimball, Tirey & St. John, Bar #202135 915 WILSHIRE BOULEVARD, SUITE 1650 LOS ANGELES, CA 90017 *Telephone No.* (213) 337-0050 | | | |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* 35000 | | |
| *Insert name of Court, and Judicial District and Branch Court:* | | | |

| Plaintiff: FEDERAL HOME LOAN Defendant: NUNGARAY | | | | |
|---|---|---|---|---|
| **PROOF OF SERVICE 3 DAY NOTICE TO QUIT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the 3 Day Notice To Quit

3. a. *Party served:*    JUAN R. NUNGARAY; ET AL

4. *Address where the party was served:*    14035 ASTORIA STREET, #130
Sylmar, CA 91342

5. *I served the party:*
   d. by other means On: Fri., Nov. 16, 2018 at: 2:53PM By posting a copy for each tenant in a conspicuous place on the property, being no person of suitable age and discretion to be found of said tenant(s) at property where situated, and mailing (CCP§1162(b)(3)).

   party in item 3
   (2) **(Home)** By posting a copy for each tenant in a conspicuous place on the property, being no person of suitable age and discretion to be found of said tenant(s) at property where situated, and mailing (CCP§1162(b)(3)).
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (CCP§1162(b)(3)).  I mailed the document on: Mon., Nov. 19, 2018 from: VAN NUYS, CA

7. *Person Who Served Papers:*                                                                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. HERIBERTO BENJAMIN MENDEZ                    d. *The Fee for Service was:*    $60.00
   b. M & M ATTORNEY SERVICES                       e. I am: (3) registered California process server
      P.O. BOX 139, Registration # 6225                  *(i)* Owner
      VAN NUYS, CA 91408                               *(ii) Registration No.:*    5742
   c. 818-787-7378, FAX 818-274-5588                   *(iii) County:*    Los Angeles
                                                       *(iv) Expiration Date:*    Tue, Feb. 25, 2020

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: *Mon, Nov. 19, 2018*

Judicial Council Form                       PROOF OF SERVICE                       (HERIBERTO BENJAMIN MENDEZ)                       2.182277
Rule 2.150.(a)&(b) Rev January 1, 2007         3 DAY NOTICE TO QUIT

**Exhibit 3**

## VERIFICATION

I, the undersigned, say:

That I am the attorney for the Plaintiff in this action and I make this verification for and on behalf of the party because:

The Plaintiff is absent from the County of Los Angeles, California, where I have my office; I have read the attached Complaint for Unlawful Detainer and know its contents.  I am informed and believe, and on that ground allege, that the matters stated in it are true.

Executed on _____ December 12, 2018, at Los Angeles, California.  I declare under penalty of perjury that the foregoing is true and correct.

/s/ Serena Yu
KIMBALL, TIREY & ST. JOHN
Attorneys for Plaintiff

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM
IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with
   the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not
     apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*          TELEPHONE NO.: | *FOR COURT USE ONLY* |
| ATTORNEY FOR *(Name):* | |

NAME OF COURT: LOS ANGELES SUPERIOR COURT CHATSWORTH / NORTH VALLEY DISTRICT
STREET ADDRESS: 9425 PENFIELD AVENUE, #1200
MAILING ADDRESS:
CITY AND ZIP CODE: CHATSWORTH, CA 91311
BRANCH NAME: LOS ANGELES SUPERIOR COURT CHATSWORTH / NORTH VALLEY DISTRICT

Plaintiff: Federal Home Loan Mortgage Corporation
Defendant: JENNIFER GUZMAN; Juan R. Nungaray

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER:  18CHUD02079 |
| **Complete this form only if ALL of these statements are true:**<br>1. **You are NOT named in the accompanying Summons and Complaint.**<br>2. **You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)**<br>3. **You still occupy the subject premises.** | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:
1. My name is *(specify):*
2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):*                                      , the landlord or the landlord's authorized agent filed a complaint to recover
   possession of the premises. *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever
   since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item
   4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $                              or file with the court an
    "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court
    fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| | | |
|---|---|---|
| CP10.5 [Rev. June 15, 2015] | **PREJUDGMENT CLAIM OF RIGHT**<br>**TO POSSESSION** | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25 |

CEB® | Essential Forms™
ceb.com

CP10.5

| Plaintiff: | Federal Home Loan Mortgage Corporation | CASE NUMBER: |
|---|---|---|
| Defendant: | JENNIFER GUZMAN; Juan R. Nungaray | 18CHUD02079 |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*
   a. ☐ an oral or written rental agreement with the landlord.
   b. ☐ an oral or written rental agreement with a person other than the landlord.
   c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
   d. ☐ other *(explain):*


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING:** Perjury is a felony punishable by imprisonment in the state prison.

Date:

▶

_____                     _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.


### - NOTICE TO OCCUPANTS -

YOU MUST ACT AT ONCE if all the following are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

# EXHIBIT 2

## PLAINTIFF'S TRUSTEE'S DEED

RECORDER MEMO: This COPY has not been QUALITY ASSURED.



**This page is part of your document - DO NOT DISCARD**



## 20181123484



**Pages:**
**0005**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/06/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 2,139.20 |
| OTHER: | 0.00 |
| PAID: | 2,163.20 |





**L E A D S H E E T**



201811060140018

**00015917324**



009446641

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**



RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

Recording requested by

SERVICELINK

And when recorded mail to:

Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrollton, TX 75010

Forward tax statements to the address given above

TS No.: CA-10-403658-VF
Order No.: 100703240-CA-GTI

Space above this line for recorders use

# Trustee's Deed Upon Sale

A.P.N.  2504-022-097

**Exempt pursuant to Cal Rev and Tax Code §11922 and 12 U.S.C. § 1452(c)**

THE UNDERSIGNED GRANTOR DECLARES:

| | |
|---|---|
| The grantee herein **WASNT** the foreclosing beneficiary | |
| The amount of the unpaid debt together with costs was: | $694,123.13 |
| The amount paid by the grantee at the trustee sale was: | $381,900.00 |
| The documentary transfer tax is: **PAID UNDER PROTEST** | City Tax  $1,719.00 |
| Said property is in the City of: **SYLMAR**, County of **LOS ANGELES** | County Tax $420.20 |

**QUALITY LOAN SERVICE CORPORATION**   as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Federal Home Loan Mortgage Corporation ("Freddie Mac")**, a corporation organized and existing under the laws of the United States of America

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of  **LOS ANGELES**, State of California, described as follows:

*When recorded mail and send tax statement to:*
Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrollton, TX 75010

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

PARCEL 1:

PARCEL A:

AN UNDIVIDED 1/31TH INTEREST IN AND TO LOT 1 OF TRACT NO. 48608, IN THE CITY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 1195 PAGES 28 THRU 30, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THRU 31 INCLUSIVE, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED ON AUGUST 23, 1994 AS INSTRUMENT NO. 94-1557566 OF OFFICIAL RECORDS. RESERVING THEREFROM EXCLUSIVE EASEMENTS FOR PRIVATE YARDS, BALCONIES AND ROOF-DECKS OVER THOSE PORTIONS OF THE COMMON AREA DESIGNATED AS EXCLUSIVE USE COMMON AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED WITH THE RIGHT TO GRANT SAME TO OTHERS.

PARCEL B:

UNIT 30 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 2:

AN EXCLUSIVE EASEMENT FOR PRIVATE YARDS, BALCONIES AND ROOF-DECKS OVER THOSE AREAS BEARING THE SAME NUMBER DESIGNATION AS THE ABOVE UNIT NUMBER AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by JUAN R NUNGARAY , AN UNMARRIED PERSON, as trustor, dated 7/9/2007, and recorded on 8/13/2007 as instrument number 20071888066 of Official Records in the office of the Recorder of LOS ANGELES, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 8/2/2017, instrument no 20170872033, Book , Page , of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on 9/27/2018 at the place named in the Notice of Sale, in the County of LOS ANGELES, California, in which the property is situated. The foreclosing beneficiary, being the higgest at such sale, became the purchaser of said property and paid therefore to said trustee the amount being $381,900.00 in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust and instructed said trustee to vest this Trustee's Deed Upon Sale to said Grantee

*When recorded mail and send tax statement to:*
Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrollton, TX 75010

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: CA-10-403658-VF

Date: 11/1/2018

QUALITY LOAN SERVICE CORPORATION

By: Jennifer Basom, Assistant Vice President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: Califorina)

County of: San Diego)

On NOV 0 1 2018 before me, Katherine A. Davis a notary public, personally appeared Jennifer Basom, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal                                    (Seal)

Signature _____
Katherine A. Davis

KATHERINE A. DAVIS
COMM. #2096368
Notary Public - California
San Diego County
My Comm. Expires Dec. 29, 2018

This instrument is being recorded as an
ACCOMMODATION ONLY, with no
Representation as to its effect upon title'

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

### *NOTICE OF PAYMENT UNDER PROTEST OF TRANSFER TAXES*
### *BY OR ON BEHALF OF*
### *FEDERAL HOME LOAN MORTGAGE CORPORATION*

Dear Recorder of Deeds, City or Village Clerk:

Re:    Property Address: 14035 ASTORIA ST #130, SYLMAR, CA 91342

Property Index Number: 2504-022-097

Our office represents **Federal Home Loan Mortgage Corporation ("Freddie Mac"), a
corporation organized and existing under the laws of the United States of America** in connection
with certain transfers of real property in the state of California.  We understand that **LOS
ANGELES** is one of a number of Counties in California that impose the tax on transfers of real
property (the "Transfer Tax") on the transfer of real property to or from Freddie Mac.  We write
this letter to notify you that Freddie Mac is exempt from paying the Transfer Tax imposed on the
transfer of real property.  Therefore, any Transfer Tax charged on behalf of or paid by Freddie
Mac is hereby **paid under protest.**

As a federal instrumentality, Freddie Mac is not required to pay Transfer Taxes under California
law, County, City or Municipality ordinances.  Further, requiring Freddie Mac to pay Transfer
Taxes on the transfer of real property contravenes federal law under 12 U.S.C. § 1452(e).  As
such, this letter serves as a formal written notice that the payment of Transfer Taxes is **PAID
UNDER PROTEST** and that (1) any Transfer Tax paid, or deducted from a sale deposit, for a
property being conveyed to or from Freddie Mac is paid under protest and (2) Freddie Mac may
seek to recover all or part of any Transfer Tax it pays pursuant to the inappropriate charge
imposed upon Freddie Mac.

Very Truly Yours,

QUALITY LOAN SERVICE CORPORATION

# EXHIBIT  3

## DEFENDANT'S VERIFIED ANSWER

OLGA LEYVA
14035 Astoria Street # 130
Sylmar, California 91342
Defendant

**FILED**
Superior Court of California
County of Los Angeles

**DEC 09 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Lusy Galustyan

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## CHATSWORTH FOR THE COUNTY OF LOS ANGELES

FEDERAL HOME LOAN MORTGAGE
CORPORATION
      **Plaintiff,**

vs.

**JENNIFER GUZMAN;JUAN
NUNGARAY:LEONOR
NUNGARAY:OLGA LEYVA and DOES 1
to 10, inclusive,**

      **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 18CHUD02079

VERIFIED ANSWER

JURY TRIAL DEMANDED

NON-STIPULATION TO COMMISSIONER
DATE::12/9/2019
TIME:
DEPT:F43

### DEFENDANT'S

### ANSWER

    COMES NOW Defendant. OLGA LEYVA, People of the territory of California in this

court of record as Real Party in Interest holding. unalienable secured rights, interest to the

subject property and raising issues therein that must be heard under rights of due process. equal

protection under the law. retention of rights and remedies in law.

    . OLGA LEYVA makes this appearance without waiving any of her rights judicially or

procedurally.

    . OLGA LEYVA files this verified answer **under duress** to **prevent a default** from

being entered against HER and challenges Jurisdiction and Subject Matter Jurisdiction.